UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | NO. CIV 2:13-01073 WBS KJN |
| Plaintiff, | |
| v. | MEMORANDUM AND ORDER RE: MOTION FOR JUDGMENT ON THE PLEADINGS |
| SONIA CHAIDEZ and RUBEN CHAIDEZ, individually and d/b/a TRES HERMANAS; and TRES HERMANAS, INC., an unknown business entity d/b/a TRES HERMANAS, | |
| Defendants. | |

----oo0oo----

Plaintiff J & J Sports Productions, Inc. brought suit against defendants Sonia Chaidez and Ruben Chaidez, individually and doing business as Tres Hermanas, and Tres Hermanas, Inc., an unknown business entity doing business as Tres Hermanas, asserting claims arising from defendants' allegedly wrongful interception of a television program. Currently before the court is defendants' motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

1

I.   Factual and Procedural Background

Plaintiff owns the exclusive nationwide commercial distribution rights to "Manny Pacquiao v. Timothy Bradley, WBO Welterweight Championship Fight Program" (the "Program"), which telecast nationwide on June 9, 2012.  (Compl. ¶ 21 (Docket No. 1).)  Plaintiff obtained these exclusive rights via a licensing agreement with Top Rank, Inc. ("Top Rank"), a boxing promoter who owns the copyright to the Program.  (See id.; Pare Decl. in Supp. of Defs.'s Mot. Ex. 1 ("License Agreement") (Docket No. 21-1).)

Defendants Sonia and Ruben Chaidez are allegedly officers of defendant Tres Hermanas, a commercial establishment in Sacramento, California.  (Id. ¶¶ 7-9.)  Plaintiff claims that, on the date of the nationwide telecast of the Program, defendants intercepted and displayed the Program at Tres Hermanas with full knowledge that the Program was not to be intercepted by an unauthorized entity.  (Id. ¶ 24.)

On May 30, 2013, plaintiff filed a complaint asserting four claims for relief: (1) violation of the Communications Act of 1934, 47 U.S.C § 605; (2) violation of the Cable & Television Consumer Protection and Competition Act of 1992, 47 U.S.C. § 553; (3) conversion; and (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Profs. Code § 17200 et seq. (Id. ¶¶ 20-48.)  Defendants answered the complaint, (Docket No. 9.), and now move for judgment on the pleadings on the basis that plaintiff lacks standing.  (Docket No. 21.).

II.   Legal Standard

"After the pleadings are closed--but early enough not to delay trial--a party may move for judgment on the pleadings."

2

1  Fed. R. Civ. P. 12(c).  For the purposes of such a motion, the
2  court takes all factual allegations of the non-moving party as
3  true and construes them in the light most favorable to that
4  party.  Fleming v. Pickard, 581 F.3d 922, 925 (9th Cir. 2009)
5  (citing Turner v. Cook, 362 F.3d 1219, 1225 (9th Cir. 2004)).
6  "Judgment on the pleadings is properly granted when there is no
7  issue of material fact in dispute, and the moving party is
8  entitled to judgment as a matter of law."  Id.

9       Standing is the question of "whether the constitutional
10 or statutory provision on which the claim rests properly can be
11 understood as granting persons in the plaintiff's position a
12 right to judicial relief."  Warth v. Seldin, 422 U.S. 490, 500
13 (1975).  Constitutional standing is matter of subject matter
14 jurisdiction.  See White v. Lee, 227 F.3d 1214, 1242 (9th Cir.
15 2000).  "In assessing a motion for judgment on the pleadings
16 where a party challenges subject matter jurisdiction, the court
17 may consider extrinsic evidence."  United States v. In re Seizure
18 of One Blue Nissan Skyline Auto., & One Red Nissan Skyline, 683
19 F. Supp. 2d 1087, 1089 (C.D. Cal. 2010).

20      However, a question of statutory standing "is a merits
21 determination, not a threshold standing question.  Statutory
22 standing, unlike constitutional standing, is not jurisdictional."
23 Jewel v. Nat'l Sec. Agency, 673 F.3d 902, 907 n.4 (9th Cir. 2011)
24 (internal quotations omitted).  In considering a claim on the
25 merits, "judgment on the pleadings is improper when the district
26 court goes beyond the pleadings to resolve an issue . . . ."  Hal
27 Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542,
28

1550 (9th Cir. 1989).[1]

III. Discussion

    A.    Constitutional Standing

Although they style their motion as challenging subject matter jurisdiction, defendants essentially concede the issue of constitutional standing. (See Defs.' Mem. at 6:15-16 (Docket No. 21) (noting "other issues of standing are primarily the basis upon which defendants bring this motion").) In any event, plaintiff's allegations, discussed below, sufficiently demonstrate a concrete economic injury, caused by defendants' conduct, that would be redressed by a favorable decision. See Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-61 (1992) (articulating requirements for constitutional standing). Accordingly, because plaintiff has satisfied the requirements of constitutional standing, the court will not grant defendants' motion for judgment on the pleadings on the grounds of subject matter jurisdiction.

    B.    Standing under § 605 and § 553

Defendants assert that plaintiff lacks statutory

---

[1] In their reply brief, defendants invite the court to convert the present motion into a motion for summary judgment. (Defs.' Reply 2:2-3:9 (Docket No. 23).) However, before converting to a motion for summary judgment, "all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 921-22 (9th Cir. 2004) (quoting Fed. R. Civ. P. 12(c)). Because no such opportunity has been present here, the court declines to convert defendants' motion into a motion for summary judgment.

Further, because it mostly contested the conversion of the present motion to a motion for summary judgment, plaintiff's motion for leave to file a surreply, (Docket No. 24), is denied as moot.

4

1  standing to sue under 47 U.S.C § 605 and § 553, which confer
2  standing to "[a]ny person aggrieved." See 47 U.S.C. § 605
3  (e)(3)(A); 47 U.S.C. § 553 (c)(1).  Although § 553 does not
4  contain a definition, § 605 defines a "person aggrieved" as
5  including "any person with proprietary rights in the intercepted
6  communication by wire or radio, including wholesale or retail
7  distributors of satellite cable programming."  § 605(d)(6).

8       Defendants argue that plaintiff was not an aggrieved
9  person because plaintiff did not have exclusive broadcasting
10 rights to the Program.  Numerous district courts in the Ninth
11 Circuit have held otherwise, finding a plaintiff's ownership of
12 distribution or exhibition rights, as here, sufficient to confer
13 statutory standing under § 605 and § 553.  See J & J Sports
14 Prods., Inc. v. Benitez, No. 1:12-CV-00735-LJO-SMS, 2013 WL
15 5347547, at *3 (E.D. Cal. Sept. 23, 2013) (O'Neill, J.)
16 (collecting cases).

17      Defendants seek to distinguish this mountain of adverse
18 precedent by pointing to plaintiff's license agreement, which
19 defendants obtained from plaintiff's Rule 26 initial disclosures.
20 However, the court cannot consider such evidence on a motion for
21 judgment on the pleadings.  See Hal Roach Studios, 896 F.2d at
22 1550.  Based on the face of the pleadings, plaintiff alleges
23 ownership of the closed-circuit commercial rights that defendants
24 allegedly infringed.  (Compl. ¶ 21.)  Accordingly, because these
25 allegations sufficiently show that plaintiff was a "person
26 aggrieved" under the statutes, the court will deny defendants'
27 motion for judgment on the pleadings on plaintiff's § 605 and §
28 553 claims.

     C.    <u>Standing under Common Law</u>

Under California law, the elements of a conversion claim are: (1) ownership or right to possession of the property; (2) wrongful disposition of the property right; and (3) damages. <u>G.S. Rasmussen & Assoccs., Inc. v. Kalitta Flying Serv., Inc.</u>, 958 F.2d 896, 906 (9th Cir. 1992). "A conversion claim belongs to the owner of the converted property." <u>Benitez</u>, 2013 WL 5347547, at *4.

Defendants do not contest standing for plaintiff's conversion claim beyond their arguments above. As described above, plaintiff had a property right in its license to commercially distribute the Program. (Compl. ¶ 21.) As "the owner of the converted property," plaintiff has standing to bring a conversion claim. <u>Benitez</u>, 2013 WL 5347547, at *4. Accordingly, the court will deny defendants' motion for judgment on the pleadings on the conversion claim.

     D.    <u>Standing under the UCL</u>

To have standing to bring a claim under the UCL, a plaintiff must have "suffered injury in fact and [have] lost money or property as a result." Cal. Bus. & Prof. Code § 17204. To make that showing, the plaintiff must: "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that that economic injury was the result of, i.e., caused by, the unfair business practice . . . that is the gravamen of the claim." <u>Kwikset Corp. v. Superior Court</u>, 51 Cal. 4th 310, 322 (2011).

Plaintiff satisfies both requirements here. Plaintiff alleges that, as a result of defendants' unauthorized

6

interception and broadcast of the Program, plaintiff "has been permanently deprived of the patronage of current, previous and potential customers of the sports and entertainment programming it licenses commercially to the hospitality industry." (Compl. ¶ 46.) This loss of patronage, plaintiff claims, caused "severe financial injury and loss." (Id.) Accordingly, because plaintiff alleges economic injury caused by defendants' unauthorized broadcast, the court will deny defendants' motion for judgment on the pleadings on plaintiff's UCL claim.

IT IS THEREFORE ORDERED that defendants' motion for judgment on the pleadings be, and the same hereby is, DENIED.

Dated:  October 25, 2013

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

7